UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TRAVIS UHL,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:13-cv-01303-SMS<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 37) |

This is a Social Security appeal. Before the Court is Plaintiff's motion for attorney's fees, costs, and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 37. No hearing was held as the Court found the matter suitable for submission on the papers. Local Rule 230(g).

## I.   LEGAL AND FACTUAL BACKGROUND[1]

On August 16, 2013, Plaintiff filed a complaint, by his attorney, Denise Bourgeois Haley ("DBH"), challenging the denial of his disability insurance benefits and supplemental security income by the Commissioner of Social Security ("Commissioner"). Doc. 1. The Court issued an order on March 19, 2015, affirming the decision of the Administrative Law Judge ("ALJ"). Doc.

---

[1] The Court will not recount in detail all of the facts of this case; instead, it incorporates by reference the "Factual Summary of Administrative Record" section from its March 19, 2015, order. Doc. 30.

30. Shortly after, Plaintiff filed a notice of appeal from the Court's judgment and new counsel, Lawrence D. Rohlfing ("LDR"), was added. Docs. 32-33. On January 27, 2016, the Ninth Circuit issued an order granting the parties' joint motion for a full remand under sentence four of 42 U.S.C. § 405(g), vacated the Court's March 19, 2015 order, and directed the Court to remand this case to the Commissioner for a de novo hearing and enter judgment under Federal Rule of Civil Procedure 58. Doc. 36.

On March 2, 2016, Plaintiff filed this motion under EAJA seeking $11,814.08 in attorney's fees for 65.95 hours expended on this case. In support of the motion are: (1) the declaration of Mr. Rohlfing, (2) an itemized statement of the hours expended by the attorneys and two paralegals in this case, (3) an excerpt from the "United States Consumer Law Attorney Fee Survey Report 2013-2014" by Ronald L. Burdge, Esq., and (4) the contingency agreement between Plaintiff and the Law Offices of LDR. Plaintiff avers attorney's fees are warranted because the Commissioner's position was not substantially justified in light of her stipulation to remand for the ALJ to reevaluate the medical opinion evidence. Plaintiff further requests that the award of attorney's fees be payable to the Law Offices of LDR because Plaintiff has assigned the right to receive EAJA fees, costs, and expenses thereto. Doc. 37. The Commissioner filed an opposition on April 13, 2016, disputing only part of Plaintiff's motion, namely the amount requested and the proper payee. She does not dispute the hourly rates claimed by Plaintiff, but instead disputes the reasonableness of the hours expended. Doc. 41. Two days later, Plaintiff filed a reply brief addressing the Commissioner's opposition and reiterated his position concerning the reasonableness of the amount requested and that the Court may order payment to the Law Offices of Lawrence D. Rohlfing under its assignment agreement with Plaintiff. Additionally, Plaintiff requests additional fees for time expended reviewing the Commissioner's opposition and preparing the reply brief, thereby bringing the total request to $12,575.20. Doc. 42. The Commissioner did not request to file a sur-reply

brief.

## II.  DISCUSSION

### A.  Reasonableness of Fees Requested

#### 1.  Legal Standard

Attorney fees granted under EAJA must be reasonable.  28 U.S.C. § 2412(d); *see Sullivan v. Hudson*, 490 U.S. 877, 883 (1989) ("The EAJA was designed to . . . [provide] for an award of a reasonable attorney's fee to a prevailing party in a civil action or adversary adjudication unless the position taken by the United States . . . was substantially justified or special circumstances make an award unjust.") (internal quotations omitted).  The burden lies with the applicant to demonstrate the reasonableness of his request.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984).  And though a "district court has discretion in determining the amount of a fee award," it must "provide a concise but clear explanation of its reasons for the fee award."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  This has come to be known as the "lodestar" approach.  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).  Importantly, the Supreme Court urged that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S. at 434.

"[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates."  *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008).  What is not recoverable, however, are:

> purely clerical tasks such as filing documents and preparing and serving summons.  *See Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10, (1989) (holding that an attorney may not seek reimbursement for purely

clerical tasks at an attorney rate); *Nadarajah v. Holder,* 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks such as filing and organization "should have been subsumed in firm overhead rather than billed at paralegal rates"); *Brandt,* 2009 WL 1727472, at *4 (finding that attorney time spent drafting and serving summons was non-compensable clerical work).

*Neil v. Comm'r of Soc. Sec.,* 495 F. App'x 845, 847 (9th Cir. 2012).[2]

### 2. *Hourly Rates*

Under EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998). Considering the cost of living increases then, the Ninth Circuit has provided, on an yearly basis, the maximum hourly rate. Relevant to this case are the following rates:

2013:  $187.02

2014:  $190.06

2015:  $190.28

2016:  $190.28

No rate has been provided for 2016; however, the Ninth Circuit advises that where "no rate is posted for the period . . . use the rate that is posted for the previous period." UNITED STATES COURTS FOR THE NINTH CIRCUIT, http://www.ca9.uscourts.gov (last visited June 7, 2016); *see Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).

For attorney time, Plaintiff requests an hourly rate of $186.55 for 2013, $190.06 for 2014, and $190.28 for 2015 and 2016. Doc. 37-1, p. 3. And for paralegal time, he requests an hourly rate of $125.00, the statutory cap under EAJA. Doc. 37, p. 8. The Commissioner does not dispute the hourly rates. Finding a cost of living adjustment appropriate, and mindful of the Commissioner's implicit agreement, the Court will therefore adopt the hourly rates as requested by Plaintiff.

---

[2] This unpublished decision is citable under Rule 32.1 of the Federal Rules of Appellate Procedure. *See also* 9th Cir. R. 36–3(b).

### 3. Hours Expended

Plaintiff requests attorney's fees for 54.8 hours of attorney time from 2013 to 2016 and 11.15 hours of paralegal time from 2013 to 2015. Applying the appropriate hourly rates, this totals $11,814.08. The Commissioner opposes the total hours claimed. The Court addresses her oppositions in turn.

### a. *2014 Hours*

The Commissioner avers the attorney time spent by DBH on the opening brief in 2014—16 hours— was excessive given that Plaintiff raised only one procedural issue. She therefore urges the Court to reduce the time here by 6 hours. Plaintiff counters the hours requested are reasonable because they include review of the AR for settlement purposes and for brief writing, two distinct processes. Specifically, the hours expended were as follows:

| Date | Hours | Atty | Description |
|---|---|---|---|
| 31-Jan-14 | 3.9 | DBH | review of transcript, conduct research and preparation of settlement proposal |
| 17-Jul-14 | 2.1 | DBH | review of transcript and research for preparation of Opening Brief |
| 3-Aug-14 | 3.1 | DBH | continued review of transcript, research and preparation of Opening Brief |
| 4-Aug-14 | 6.9 | DBH | review of transcript and preparation of Opening Brief |

Doc. 73-1, p. 2.

Under the circumstances, the Court agrees with the Commissioner that 16 hours is excessive, but declines to reduce the time by 6 hours. Indeed, the administrative record ("AR") in this case spans approximately 450 pages, which is not voluminous. Doc. 9. The opening brief itself is only 13 pages in length (excluding the certificate of service), with 2 of those pages containing boilerplate language. *Contra Murphy v. Colvin*, 2016 WL 1410279, at *3 (N.D. Cal. Apr. 11, 2016) (No. 4:14-CV-03784-YGR) ("This case was highly fact intensive and contained over 700 pages in the administrative record. It is not unreasonable for Plaintiff's counsel to have spent 4.0 hours reviewing the 700-page administrative record and an additional 21.25 hours

drafting and editing a 25-page motion.") (citation omitted).  And the fact that Plaintiff raised essentially one issue is notable.  *See*, *e.g.*, *Hamby v. Peake*, 2008 WL 3318715, at *2 (Vet. App. June 30, 2008) (No. 04-2206(E) (addressing the "vague and ambiguous nature" of a billing entry, the court explained, "[g]iven that the brief contained only one issue and four pages of actual argument . . . the 2 hours for research of 'issues' is vague and excessive, and will reduce the time by one hour.") (citations omitted).  Further, the time spent reviewing the transcript and conducting research for the opening brief should have been less given that counsel performed those activities in preparation for settlement purposes.  *See*, *e.g.*, *Boss v. Astrue*, 2008 WL 1847184, at *4-*5 (E.D. Cal. Apr. 23, 2008) *report and recommendation adopted*, 2008 WL 2074466 (E.D. Cal. May 15, 2008) (No. 104CV06424OWWTAG) (explaining that where "much of the preparatory work that [counsel] performed for her letter brief-review administrative record, identify and research issues-is identical to the work she engaged in when drafting her opening brief" a reduction of "hours that seemingly involved redundant or overlapping work" is recommended).  The Court will therefore reduce the 2014 hours of attorney time spent on the opening brief by 3 hours.  This equates to a reduction of $570.18 (3 x $190.06).

        b.  *2015 hours*

The Commissioner takes further issue with the paralegal spending 6 hours in 2015 preparing excerpts of the record for appeal, contending the activity was clerical in nature and therefore unrecoverable.  She claims the activity consisted of pulling from an electronically filed AR, which was already sequentially paginated, and that any creation of cover pages did not require attorney expertise, and therefore requests a reduction of 5 hours.  Plaintiff counters that preparation of the excerpts were not clerical, given the need for strict compliance with the Federal Rules of Appellate Procedure ("FRAP").  Again, the Court agrees with the Commissioner.

As stated in the itemized statement, 6 hours were spent on preparation of excerpts for

appeal:

| 7-Jul-15 | 4 | KAH | preparation of excerpts of record for appeal |
| 9-Jul-15 | 2 | KAH | preparation of excerpts of record for appeal |

Doc. 37-1, p. 1. In support of the claimed hours, Plaintiff cites to *Davis v. City & Cty. of San Francisco*, 976 F.2d 1536 (9th Cir. 1992), *opinion vacated in part on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993). That case, however, did not involve claimed paralegal hours spent on preparing the excerpts of record or document preparation. There, the Ninth Circuit reiterated the position that "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them" and agreed with the defendant that they include "tasks such as the filing of pleadings and the travel time associated therewith." *Id.* at 1543 (quotations omitted). *Davis* is therefore unavailing. To the extent that the "preparation of excerpts" here involves more than pure clerical work, which the Court cannot determine based on the brief and general description, Plaintiff has not shown otherwise. *See*, *e.g.*, Baldridge *v. Nicholson*, 19 Vet. App. 227, 235 (2005) ("Large blocks of time associated with either many tasks or a single task with only generalized descriptions such as 'research' or 'conference' are not specific enough to permit the Court an adequate basis for review and are subject to reduction.") (citations omitted). He has not therefore met his burden of demonstrating the reasonableness of his request. The Court will reduce the 2015 paralegal time by 4 hours. This equates to a reduction of $500 (4 x $125.00).

Finally, the Commissioner opposes the claim of 29 hours that attorney LDR spent in 2015 preparing and drafting the opening brief for the Ninth Circuit. She contends that amount is unreasonable where LDR is from the same law firm as DBH, who had expended 16 hours preparing the opening brief to this Court, and where the two briefs raised the same argument stemming from the same AR. Insisting the time claimed is excessive and redundant, she urges the Court to reduce the time by 11 hours. In response, Plaintiff argues the Ninth Circuit brief required more time and effort in explaining the issue, and that some duplication of work was necessary. He asserts that

involvement of a second counsel should not be cause for a reduction of fees.  Further, that the Commissioner agreed to remand, according to Plaintiff, justified the effort and time expended on Ninth Circuit brief.

The hours opposed by the Commissioner are as follows:

| Date | Hours | Attorney | Description |
|---|---|---|---|
| 1-Apr-15 | 1.5 | LDR | review of file and judgment and memorandum |
| 16-Apr-15 | 2 | LDR | review of file and preparation of mediation questionnaire |
| 6-Jul-15 | 6 | LDR | review of file and conduct legal research |
| 7-Jul-15 | 5.5 | LDR | preparation of opening brief |
| 8-Jul-15 | 6 | LDR | preparation of opening brief |
| 10-Jul-15 | 5 | LDR | preparation of opening brief |
| 13-Jul-15 | 3 | LDR | review, revise and edit opening brief |

Doc. 37-1, p. 2.  The Court agrees with Plaintiff that some duplication of work is necessary so that attorney LDR, whose law firm employs DBH, may become sufficiently familiar with the case for purposes of the appeal.  It was thus reasonable for him to spend time reviewing the AR; however, the Court is hard pressed to find that LDR (whose Social Security law practice frequently puts him before this Court)[3] expended nearly 20 hours (5.5 + 6 + 5 + 3) to prepare and revise an appellate brief which sets forth a single issue and the same one raised in this Court.  *See*, *e.g.*, *Coulter v. State of Tenn.*, 805 F.2d 146, 152 (6th Cir. 1986) (noting that with representation by multiple attorneys comes "the danger of duplication, a waste of resources which is difficult to measure").  Having reviewed the appellate brief, the Court finds the hours claimed to be excessive.  Despite being longer in length,[4] over half of the appellate brief presents the same content, by way of rephrasing, as the opening brief submitted to this Court.  Further, the duplication in language within the brief, redundancy, and extensive use of block quotes belie the claimed hours expended.  The Court

---

[3] A review of CM/ECF reveals LDR is/was an attorney in 500 cases, most of them Social Security, before the Court.

[4] Plaintiff asserts attorney LDR drafted "a 33-page appellate brief," but FRAP 30 limits a principal brief to 30 pages.  Fed. R. App. P. 32(a)(7)(A).  It is unclear whether Plaintiff obtained permission to file a brief which exceeded the page limit.

therefore reduces the time here by 6 hours.  This equates to a reduction of $1,141.68 (6 x $190.28).

**B.  Proper Payee**

Finally, the Commissioner asserts that EAJA fees are payable to Plaintiff, subject to the United States' Treasury Offset Program.  She does not dispute the validity of Plaintiff's assignment agreement with counsel or contend that counsel cannot be the payee under the assignment.  The holding in *Astrue v. Ratliff*, 560 U.S. 586 (2010), which the parties' cite, is clear: "[A] § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Id*. at 589.  *Ratliff* does not, however, stand for the position that an attorney may not receive EAJA fees where the plaintiff "does not owe a federal debt and has assigned [his] right to fees to the attorney." *Id*. at 588; *see Mang v. Colvin*, 2015 WL 5470339, at *2-3 (Sept. 17, 2015) (No. 14-904) ("Like this Court, a number of other courts in this district have concluded that *Ratliff* does not preclude direct payment to plaintiff's counsel where there has been a valid assignment, subject to such an offset.")  Consequently, the Court will order the payment of EAJA fees to Plaintiff's counsel, subject to any offset to which the government is legally entitled.

**C.  Additional Fees Associated With Fees Litigation**

In his reply brief, Plaintiff seeks additional fees stemming from 4 hours spent reviewing the Commissioner's opposition and preparing a reply brief thereto.  This amounts to $761.12 (4 x $190.28).  As stated, the Commissioner did not request the opportunity to file a sur-reply brief.

Indeed, the Commissioner raised a number of concerns regarding the reasonableness of the fees requested, which prompted Plaintiff to file a reply brief addressing those concerns.  Despite finding a reduction of the hours appropriate, the reply brief aided the Court in its consideration of Plaintiff's motion.  For counsel to expend 4 hours reviewing the Commissioner's opposition and draft a 10-page reply brief (excluding the certificate of service) was therefore reasonable.  No

9

reduction is warranted. *See*, *e.g.*, *Tate v. Colvin*, 2013 WL 5773047, at *8 (E.D. Cal. Oct. 24, 2013) (No. 1:11-CV-01643-SKO) (concluding that 4.5 hours spent reviewing the Commissioner's opposition brief and drafting the reply brief was reasonable). Plaintiff will receive an additional award of $761.12 (4 x 190.28).

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's petition for attorney's fees under EAJA is GRANTED in the amount of $10,363.34, subject to an offset for any federal debt owed by Plaintiff and

2. The fee award shall be made payable to Plaintiff's counsel.

IT IS SO ORDERED.

Dated:   **June 15, 2016**              **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE